UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMEL DALLUGE,<br><br>                 Plaintiff,<br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>                 Defendant. | No. C11-5037 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Amel Dalluge is presently confined at the Clallam Bay Corrections Center. The court has granted Plaintiff's application to proceed *in forma pauperis.* ECF No. 6.

Presently before the court for review is Plaintiff's proposed civil rights complaint in which he purports to sue "U.S. Department of Justice (All Actors to be Interpreted Broadly) for violation of the "RICO Act Title 18 U.S.C. 1961, et seq.; Nazi War Crime Act; International War Crime Sub Sec Genocide." ECF No. 5. Plaintiff complains that the U.S. Department of Justice is failing to investigate the Department of Corrections for "genocide-like behavior." *Id.*, p. 3. He asserts that "all actors of the U.S. Department of Justice will be tried and condemned to eternity in multiple hells and required to pay all damages;" that the "U.S. Department of Justice is worthless trash who's services are to be discontinued." *Id.*, pp. 3-4. Plaintiff requests the international execution of "all actors, spouses, children, to the 3rd and 4th generation." *Id.*, p. 4.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that

ORDER TO AMEND OR SHOW CAUSE- 2

amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff's complaint is frivolous and malicious and dismissal of the complaint under under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below. However, the court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or amend his complaint. In that regard, Plaintiff is provided the following guidance.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff purports to sue the "U.S. Department of Justice." He has failed to identify any person as a defendant. Thus, he has failed to state a claim under 42 U.S.C. §

ORDER TO AMEND OR SHOW CAUSE- 3

1983 against the unidentified parties.  Plaintiff must allege in specific terms how each **named** individual defendant was involved in the deprivation of his constitutional rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).   Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights.

Plaintiff has failed to state a cause of action under § 1983.  He has failed to allege facts demonstrating how the failure of anyone to investigate or prosecute the Department of Corrections has resulted in a deprivation of his federal constitutional rights or how he has been harmed.  Plaintiff assertions that "all actors of the U.S. Department of Justice will be tried and condemned to eternity in multiple hells and required to pay all damages;" that the "U.S. Department of Justice is worthless trash who's services are to be discontinued;" and, his request that department members and their spouses and children be executed (ECF No. 5, pp. 3-4) are malicious and threatening.  Plaintiff is warned that if he persists in including this type of language in his pleadings, he will be sanctioned and that those sanctions may include dismissal of this case with prejudice and an order assessing monetary sanctions against Plaintiff.[1]

If Plaintiff has a valid claim for violation of a federal constitutional right, he may file an amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and

---

[1] The court is aware of similar malicious pleadings in Case No. C10-5945RBL, *Dalluge v. Bees*.  Plaintiff has received a similar warning in that case.

ORDER TO AMEND OR SHOW CAUSE- 4

any exhibits.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

     (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

     (2)    the dates on which the conduct of each Defendant allegedly took place; and

     (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Plaintiff shall present his complaint on the form provided by the court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The court will screen the amended complaint to determine whether it

ORDER TO AMEND OR SHOW CAUSE- 5

contains factual allegations linking each defendant to the alleged violations of plaintiff's constitutional rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

The court will not entertain future filings from the Plaintiff that contain malicious, frivolous or threatening language.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 25, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this   7th   day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6